IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                                                  CASE NO. 1:88-cr-1007-MMP/AK

RICHARD KEITH WILLIAMS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 1058, Motion to Vacate Under 28 U.S.C. § 2255, and Doc. 1059, Motion for Appropriate Relief Pursuant to 28 U.S.C. § 2255, by Richard Keith Williams.  Both motions are predicated on *Blakely v. Washington*.

Defendant was sentenced to life imprisonment on June 28, 1991.  Doc. 1058 at 1. Judgment was affirmed by the Eleventh Circuit on March 14, 1995.  *Id*. at 2.  His petition for writ of certiorari was denied, and his motion for § 2255 relief was summarily denied as untimely. Docs. 716 & 723.  On this occasion, Petitioner charges that his sentence was unconstitutionally enhanced.  Doc. 1059 at 2.

Following its decision in *Blakely v. Washington*, which involved the constitutionality of state sentencing guidelines, the United States Supreme Court determined that *Blakely* applies to the Federal Sentencing Guidelines as well.  *United States v. Booker*, \_\_\_\_ U.S. \_\_\_\_, 124 S.Ct. 2519, 159 L.Ed. 2d 442 (2004).  However, the Eleventh Circuit has recently determined that *Booker* is not retroactively applicable to cases on collateral review, as "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."  *Varela v. United States*, 400 F.3d 864, 868

(11th Cir. 2005).

In light of the foregoing, it is respectfully **RECOMMENDED**:

That Defendant's motion to vacate, Doc. 1058, be **DENIED**;

That Defendant's motion for appropriate relief, Doc. 1059, is **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this  15th  day of July, 2005.


s/ A. KORNBLUM
ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**