IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:88-cr-01007-MP-GRJ

RICHARD KEITH WILLIAMS,

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 1382, Defendant's motion to vacate under 28 U.S.C. § 2255. Defendant is serving a life sentence following his 1991 jury-trial convictions for conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine base. Defendant previously filed two motions under § 2255, both of which were denied. *See* Docs. 723 (denying motion as untimely), 1062 (denying *Booker* claim because of non-retroactivity). The instant motion again attacks the sentence imposed by this Court. *See* Doc. 1382. Specifically, Defendant contends that his trial counsel rendered ineffective assistance at sentencing by failing to argue that he was "actually innocent" of a sentence enhancement. Doc. 1382.

Because Defendant was denied relief previously under § 2255, he is barred from seeking such relief again in this Court absent prior certification from the Eleventh Circuit. 28 U.S.C. §§ 2255(h), 2244(b)(3); *see Villanueva v. United States*, 346 F.3d 55 (2nd Cir. 2003) (habeas or § 2255 petition that is properly dismissed as time-barred constitutes an adjudication on the merits for successive purposes). There is nothing in

the record that reflects that Defendant has been granted leave by the Eleventh Circuit to file a successive motion to vacate, and thus this Court lacks the requisite authorization to entertain the claims raised in the instant motion.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to vacate pursuant to 28 U.S.C. § 2255, Doc. 1382, be **DENIED**.

**IN CHAMBERS** this 1st day of March 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**